**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



MEMORANDUM ORDER

Appellate case name:        Ronald Dwayne Whitfield v. The State of Texas

Appellate case numbers:    01-92-00617-CR

Trial court case numbers:   617718

Trial court:                         174th District Court of Harris County

Appellant was convicted of burglary of a building with intent to commit theft and, after being enhanced by two prior felony convictions, was sentenced to 35 years in prison on June 5, 1992. On direct appeal, this Court issued an opinion on August 26, 1993, affirming appellant's judgment of conviction. *Whitfield v. State*, No. 01-92-00617-CR, 1993 WL 322738, at *4 (Tex. App.—Houston [1st Dist.] Aug. 26, 1993, pet. ref'd) (mem. op., not designated for publication). Our mandate issued on March 9, 1994, and provided, in relevant part, the following:

> The cause came on to be heard on the record of the court below, and the same being considered, because it is the opinion of this Court that there was no error in the judgment, it is ordered, adjudged, and decreed by the Court that the judgment be in all things **AFFIRMED**, and the appellant pay all costs in this behalf expended and that this decision be certified below for observance.

The Clerk of this Court previously mailed copies of the certified docket sheet, mandate, and opinion to appellant on October 20, 2009.

On March 13, 2015, appellant, proceeding *pro se* and incarcerated, filed an amended motion, dated March 10, 2015, to recall our 1994 mandate, as well as the mandate in four other causes, as void, pursuant to Texas Rule of Appellate Procedure 18.7, and incorporated his prior letter-motions to recall the mandate. Appellant apparently claims that there was no proper rendition of judgment because, among other reasons, the criminal complaint was apparently time-stamped when the trial clerk's office was closed, the copy of the opinion he attached to his motions, apparently received from the Clerk of this Court, was not physically signed by Justice O'Connor, and because the

copies of the opinion and mandate, which he apparently received from the trial clerk, did not contain the same certified file marks as those from the Clerk of this Court. On June 24, 2009, we had previously dismissed, for lack of jurisdiction, appellant's similar *pro se* motion to recall our 1994 mandate as void for failure of this Court to render its judgment.

In any event, after our mandate issued on March 9, 1994, our plenary power expired, and we lack jurisdiction to vacate or modify our judgment. *See* TEX. R. APP. P. 19.3. While Rule 19.3(b) allows us to recall our mandate as these rules provide after our plenary power has expired, recalling our mandate only occurs if we have first vacated or modified our judgment, which has not occurred. *See* TEX. R. APP. P. 18.7, 19.3(b).

Accordingly, appellant's amended motion to recall the mandate is **dismissed** for want of jurisdiction. The Court dismisses all pending motions as moot.

It is so ORDERED.

Judge's signature: /s/ <u>Laura C. Higley</u>
                        ☒ Acting individually    ☐ Acting for the Court

Date: March 24, 2015